

C. Randel Lewis
Managing Director
rlewis@cloyses.com
www.Cloyses.com

February 8, 2009

Mr. Barry Hirschfeld
National-Hirschfeld, LLC
5200 Smith Road
Denver CO 80209

Dear Mr. Hirschfeld:

The purpose of this letter (the "agreement") is to set forth the terms and conditions under which Cloyses Partners, LLC ("Cloyses"), will provide services to National-Hirschfeld, LLC (the "Company" or "Client") during the term of this Agreement. The Company and Cloyses are referred to collectively in this agreement as the "Parties." The term of this agreement will commence as of the effective date this agreement is approved by the United States Bankruptcy Court for the District of Colorado in the case *In re: National-Hirschfeld, LLC*, Case No. 09-10968 MER_.

## BACKGROUND

Based on our conversations with you and your attorneys, we understand that:

The Company has filed for protection from its creditors under Chapter 11 of the United States Bankruptcy Code. The Company will proceed to liquidate its assets to satisfy the Company's obligations to its creditors. To that end, the Company and its principal secured lender, Citywide Banks ("Citywide") have entered into agreements for the use of cash collateral and such other permissions as are necessary for the Company to liquidate its assets and pay proceeds as set out in those agreements.

The Company has selected Cloyses to guide, oversee and direct the liquidation of the Company's assets in its Chapter 11 case. The Company's assets are comprised of accounts receivable, printing and printing-related equipment, and raw material inventory.

Cloyses understands that the Company has terminated all of its employees, other than a few key people who have knowledge of the Company's assets, and that Cloyses will provide the Company with the expertise and direction to liquidate its assets.

Mr. Barry Hirschfeld
February 8, 2009
Page 2 of 5

## SERVICES

Commencing upon the effective date of an order approving its engagement, Cloyses will use its reasonable best efforts during this engagement to discharge the duties assigned to it pursuant this agreement, agreements between the Company and Citywide or other creditors, and orders of the United States Bankruptcy Court (the "Services").

Cloyses will oversee and manage the process by which the Company's assets are collected and liquidated. Cloyses will report to Barry Hirschfeld, who shall have ultimate authority for the Company to approve sales of assets and final disposition of receivables. The Company acknowledges that it may retain the services of an experienced asset sale expert to assist the Company with the marketing and sale of the Company's equipment under the supervision of Cloyses.

More specifically, the Company and Cloyses have agreed that the Cloyses services will include, but are not limited to the following (together with the foregoing, referred to here as the "liquidation services"):

- Determine employee staffing that may be required for accounts receivable and equipment liquidation;
- Oversee the Company's marketing and sale of small items, up to $50,000;
- Develop a budget for disposition of assets;
- Develop a plan for identifying and securing bulk or major equipment buyers;
- Together with the Company's principals, interview and select equipment liquidator, if one is determined to be necessary;
- Evaluate all real and personal property leases to determine how any such leases may enhance liquidation value;
- Assist in developing detailed equipment and inventory list with photographs to secure interested buyers;
- Review potential National Printing, C&M Press and A.B. Hirschfeld Press liabilities, i.e. sales and use tax, liens and UCC filings;
- Lead effort to fight sales tax assessment from merger of 3 companies in Nov Dec 2005 and any other assessments by state, city and local municipalities; and
- Evaluate and oversee potential value from instituting an action against former employees (officers) with respect to trade secrets and customer lists.

Mr. Barry Hirschfeld
February 8, 2009
Page 3 of 5

## TERM

The term of this Letter Agreement commences on the Effective Date and terminates four months after the Effective Date unless either party gives the other party 10 days written notice of termination.

Within three days following the termination of this Letter Agreement, subject to any required approval of the Bankruptcy Court, the Company shall immediately pay Cloyses all unpaid fees and expenses.

## FEES AND EXPENSES

The Company agrees to pay Cloyses for the liquidation services as follows:

- For the first month of service, $30,000;
- For the second month of service, $25,000; and
- For each subsequent month of service $20,000.

The monthly payments shall be due and payable in advance on the first day of each working month of the term of this agreement. *[handwritten: in advance AH]*

The Company shall reimburse and pay Cloyses promptly upon presentation of a detailed invoice for all reasonable out-of-pocket expenses which may be incurred by Cloyses in providing the Services, including attorneys fees, travel, lodging, meals, and car rental costs when such expenses are approved by the Company of being incurred.

Fees for any additional services, if any, are subject to separate written agreement.

## REPRESENTATIONS AND WARRANTIES

The Company understands and confirms that, (i) Cloyses will be using and relying on data, material and information furnished to it by the Company, and each of their employees, officers, directors and agents and (ii) Cloyses shall not have any responsibility for the accuracy or completeness of any such information, whether or not it makes an independent verification.

Mr. Barry Hirschfeld
February 8, 2009
Page 4 of 5

## INDEMNIFICATION

The Company agrees to indemnify and hold harmless Cloyses, its partners, members, managers, and employees, (collectively, the "Cloyses Indemnified Parties") from and against any and all losses, claims, expenses, damages, or liabilities, to which Cloyses becomes subject, arising out of, in connection with, or based upon any matter contemplated by this Letter Agreement. The Company agrees to reimburse Cloyses, whether or not resulting in any liability for any reasonable legal or other expenses incurred by Cloyses in connection with investigating or defending against any such loss, claim, expense, damage or liability. Reimbursement will be made promptly after Cloyses has provided the Company with written notice, in reasonable detail, of the costs incurred as a result of any such loss, claim, expense, damage or liability. In no event shall the Company be liable to ~~any~~ Cloyses under this paragraph, however, to the extent that any such loss, claim, expense, damage or liability is found in a final judicial determination, to have resulted from Cloyses' gross negligence or willful misconduct. The foregoing reimbursement, indemnification and hold harmless provisions shall survive any termination of this Letter Agreement and are in addition to, and not subject to the limitations of, the fees and reimbursement of expenses specifically provided for elsewhere in this Letter Agreement.

## OTHER MATTERS

Each party agrees that all information it receives from the other party will be treated as strictly confidential and shall only be used by the receiving party for the purposes set forth herein. Cloyses is, and at all times shall be, an independent contractor of the Company. Cloyses is not an agent of the Company and shall not have any right to transact any business in the Company's name or on behalf of the Company in any manner or form. Cloyses and the Company shall not be construed as joint ventures or partners of each other and neither shall have the right to bind or obligate the other. The Company and Cloyses do not intend, and shall not be deemed, to have created any fiduciary duties between the parties by virtue of this agreement.

The validity and interpretation of this agreement shall be governed by and construed and enforced in accordance with the laws of the State of Colorado (excluding the conflicts of law rules). In the event of any dispute with respect to this agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees.

The benefits of this agreement shall inure to the parties hereto, their respective successors and assigns, and to the indemnified parties hereunder and their respective successors and assigns. The obligations and liabilities assumed in this agreement by the parties hereto shall be binding upon their respective successors and assigns. No party to this agreement may assign its rights and/or obligations hereunder without the consent of the other party hereto.

Mr. Barry Hirschfeld
February 8, 2009
Page 5 of 5

    Cloyses appreciates the opportunity to work with the Company and is prepared to begin this engagement immediately. If the foregoing is agreeable to the Company, please signify such acceptance by signing below on behalf of the Company and returning one copy to Cloyses together with full payment of the fee invoice in full. Upon receipt of this agreement and the accompanying payment, this agreement will be a binding agreement between Cloyses and the Company.

        Sincerely,

        CLOYSES PARTNERS, LLC

        By: _____
             Managing Director

Accepted and Agreed to as of _the 10th day of March_, 2009

National Hirschfeld, LLC,

By: _A. Barry Hirschfeld_
Name:
Title: _Chairman_